W. E. (Gene) JOHNSON,
Plaintiff-Appellee,

v.

Henry HUDSON, Defendant-Appellant.

Court of Appeals of Tennessee,
Western Section,
Sitting at Nashville.

Feb. 9, 1981.

Application for Permission to Appeal
Denied by Supreme Court
March 12, 1981.

John R. Edwards, Nashville, for defendant-appellant.

Stanly T. Snodgrass, Nashville, for plaintiff-appellee.

NEARN, Judge.

Plaintiff Johnson sued defendant Hudson for a real estate commission allegedly due under an oral agency contract. Hudson denied that any commission was due or that any oral contract to pay such commission existed. The Chancellor entered judgment for the plaintiff in the amount of $10,080.00 and the defendant has appealed.

The only real issue is whether under the facts plaintiff is entitled to a commission.

Plaintiff and defendant had previously had real estate business dealings. Plaintiff is a licensed real estate broker and defendant has been engaged in real estate buying or selling for a number of years. While plaintiff was in defendant's office to discuss an existing real estate deal, defendant told plaintiff that he was interested in selling a motel that he owned. Plaintiff stated that he knew someone he thought might be interested in purchasing the property. He then called Troy Waugh, President of Highland Inns Corp., from defendant's office, and set up a meeting between defendant and Waugh to discuss the sale of the property. Defendant and Waugh were unable to keep this first appointment and accordingly they set a future date for another meeting; however, plaintiff was out of town on other business and did not attend any of their meetings. It appears that eventually several meetings took place between defendant and Waugh before they culminated the business dealings. Plaintiff took not part in any of the meetings between defendant and Waugh, and the record indicates that he did not know of the meetings until after defendant and Waugh had reached an agreement.

Before discussing the agreement reached between defendant and Waugh we think it best to now set out the oral agreement between plaintiff and defendant as revealed by the plaintiff's testimony on cross examination:

Q "... What did he (defendant) tell you?

A "I said, 'I think I know somebody that will buy it,' and he said, 'Call them from my office,' and I called them. I said, 'There's an appointment set up with Mr. Waugh of Highland Inns next Monday to two o'clock.'

Q "Did he specifically tell you he was only interested in selling the property?

A "He said for me to sell it. There was no discussion of a lease or anything else at the time because the two parties that I had put together hadn't

even talked at that time on a personal basis.

Q "The only mention of disposition was of sale, Mr. Johnson. Isn't that correct?

A "Mr. Hudson said, 'How about selling it for me?' And I said, 'I think I know somebody that will buy it.'

Q "Did you bring up anything about a real estate commission?

A No, I did not at that time; no."

As to the contract between defendant and Waugh, as President of Highland Inns Corp., it is conceded that no sale of the motel took place. The defendant and Waugh were unable to reach an agreement to buy and sell, and for a short period of time, from two to three weeks, negotiations ceased. Then, in March of 1977, defendant and Waugh came to an agreement whereby defendant would lease the motel to Highland for $16,000.00 per month for a period of twelve years. No one contends that the lease is actually a sale disguised as a lease. It is a straight lease for twelve years with an option to purchase at the end of the lease for $500,000.00 plus outstanding mortgage indebtedness and gives no credit to Waugh for rent paid during the term of the lease.

Highland Inns became delinquent on its rent and sold its lease interest to another. Hudson ultimately sold the property. The Chancellor's award of $10,080.00 was based on proof that a 3% commission for the leasing of the property was reasonable and applied that percentage to the twelve months rent that was paid by Highland to defendant.

If we take only the plaintiff's version of events which we have set out, we are of the opinion that plaintiff cannot recover in this case.

 Plaintiff relies upon an oral contract for commission due for the sale of property. Of course, an oral contract to pay commission is valid. *Alexander v. Powell Realty Co.*, (1975 Tenn.App.W.S.) 535 S.W.2d 154. However, to recover on any contract the proof must show there was

compliance with the terms thereof. *Charlton v. Woods*, (1872) 58 Tenn. 19, 11 Heisk. 19. The only contract attempted to be proved by the plaintiff is that the defendant agreed to pay a commission in some amount if plaintiff obtained a buyer for the property. Plaintiff has never obtained a buyer for the property. The contract as sought to be proved by the plaintiff, is not ambiguous on the requirement of obtaining a sale. In addition, there is no allegation or attempt to show that defendant tried to beat plaintiff out of a commission by turning a sale into a lease. We cannot construe "sale" to mean "lease" in a situation such as this. The plaintiff has failed to show a right to recover under the terms of a contract which he relies upon. In order for plaintiff to recover, we would first have to rewrite or actually rearticulate the plaintiff's version of the contract so as to provide that a commission of some amount would be due if the property were sold or leased. Then, we would have to provide an amount for a commission in the event of a lease and, in addition, add a provision that in the event of a default in the terms of a lease, the commission would be computed on the rent paid.

Both plaintiff and defendant are experienced business people and certainly know of the misunderstandings and confusions that may arise when business matters are conducted orally. A failure to reduce agreements to writing has attached the difficulty of proving the terms of the agreement. Those terms must be proven by clear, cogent and convincing evidence. *Alexander v. Powell, supra.*

Although we have so far considered this matter under the view that the defendant agreed to pay a commission on a sale, we are not at all satisfied that the proof preponderates in that favor. It seems strange to us that an agent would agree to sell property and be required to do the ordinary work of a sales agent with no indication whatsoever by the seller of the price at which the seller would sell. We are unable to find anywhere in this record where plaintiff states that defendant advised him of the price or terms of payment desired. In addition, defendant had before done business with plaintiff and purchased property through plaintiff from Highland and paid no commission to plaintiff, knowing that plaintiff had been compensated by Highland. Also, the predecessor corporation to Highland was Associated Inns, which predecessor corporation was established with plaintiff as one of the principal organizers and plaintiff was a holder of several thousand shares in Highland at the time plaintiff called Waugh.

In his memorandum opinion the Chancellor found that "After the lease agreement was signed, Johnson asked Hudson about his commission. Hudson stated, 'I guess I owe you a commission, but I don't have any money.' Johnson called on several occasions about his commission and Hudson again stated he didn't have any money." Such was the plaintiff's version of the testimony. However, the defendant denied that he stated "I owe you a commission" but admitted that he said "I guess I owe you something, but I don't have any money."

Under all the proof and circumstances, it appears to us more likely that defendant admitted owing something, for as we view the case, it appears more probable that what was actually agreed upon, at least in so far as defendant is concerned, was the payment of a reasonable "finder fee", which term was certainly known to both parties. We so conclude because it is undisputed that plaintiff never inquired as to the sale price, or terms at which he was to negotiate a sale, never attended the initial, or any other, meeting of defendant and Waugh, and never attempted or offered to draw up any contracts between the parties. By plaintiff's own admission, he only located an interested party. However, the suit is not based on any such understanding or agreement as to a "finders fee".

For the reasons stated the decree below is reversed and the case dismissed with all costs, here and below, assessed against appellee.

Done at Nashville in the two hundred and fifth year of our Independence and in the

**810**

one hundred and eighty-fifth year of our Statehood.

MATHERNE, J., concurs.